UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DEL CID GUERRA, | Case No. 2:23-cv-05522-WLH-E |
| Plaintiff, | **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND LACK OF PROSECUTION** |
| v. | |
| KAMALA HARRIS, and JANE DOES, | |
| Defendants. | |

Plaintiff Miguel Del Cid Guerra ("Plaintiff") failed to timely respond to the Court's Order to Show Cause Regarding Subject Matter Jurisdiction. (Order, Docket No. 19). As set forth below, the Court continues the Order to Show Cause Regarding Subject Matter Jurisdiction to March 1, 2024. The Court also sets for hearing on the same date—March 1, 2024—an Order to Show Cause Regarding Plaintiff's Lack of Prosecution for failure to properly serve on defendants a copy of the complaint and summons. The Court admonishes the Plaintiff that failure to comply with the Court's Order as set forth here will result in dismissal of his case.

## I.    BACKGROUND

This is a personal injury lawsuit. Plaintiff, who is proceeding *pro se*, filed a

complaint alleging that Vice President Harris ("Defendant Harris") assaulted him. (Complaint "Compl.," Docket No. 1 at 4).  The Court issued an Order to Show Cause regarding Subject Matter Jurisdiction, which required Plaintiff to respond in writing by September 1, 2023, with evidence or specific allegations that the amount-in-controversy requirement is met. (Order, Docket No. 14).  In August 2023, the Plaintiff filed three documents—a letter requesting an extension of time to respond to the Court's original Order to Show Cause Regarding Subject Matter Jurisdiction, (Letter, Docket No. 16), a letter noting that the Plaintiff "submitted as evidence" an SD card containing medical bills[1] allegedly evidencing the amount-in-controversy, (Letter, Docket No. 17), and a letter that read, in part, "I have not got an answer from the Vice President…."  (Letter, Docket No. 18).[2]  The Court struck these three documents, (Docket Nos. 16−18), because they did "not comply with the Local Rules nor with this Court's Standing Order," which prohibit, among other things, writing letters to the judge.  The Court also continued the Order to Show Cause Regarding Subject Matter Jurisdiction to September 30, 2023.  (Order, Docket No. 19 at 4).  As of the date of entry of this Order, Plaintiff has failed to respond to the Order to Show Cause Regarding Subject Matter Jurisdiction and to properly serve Defendant Harris.

---

[1] The Court construed this document as an attempted response to the Order to Show Cause Regarding Subject Matter Jurisdiction (Order, Docket No. 14 at 2 ("Defendant must respond, in writing, by September 1, 2023, with evidence or specific allegations that the amount-in-controversy requirement is met.")).  The Court never received any SD card, however, and regardless the Court observed that, even if an SD card containing medical bills were actually lodged with the Court, "it is not the Court's role to sift through voluminous documents to determine whether Plaintiff has properly responded to the Court's Order to Show Cause."  (Order, Docket No. 19 at 3).

[2] The Court construed this document as a request for entry of default due to Defendant Harris's failure to respond to the Complaint.  (Order, Docket No. 19 at 3−4).  The Court observed, however, that even if Plaintiff had properly filed a request for entry of default that complied with local rules, entry of default was inappropriate here as Plaintiff had yet to properly serve Defendant Harris.  (Order, Docket No. 19 at 4 ("The Plaintiff filed an affidavit of service by mail…but this does not appear to satisfy any of the methods of service of process…provided by Federal Rule of Civil Procedure 4(e).")).

## II.    LEGAL STANDARD

Even unrepresented parties like Plaintiff must comply with this Court's orders and the Local Rules. *See, e.g.*, *Sule v. Gregg*, 2 F.3d 1158, 1159 (9th Cir. 1993) (affirming the dismissal of a *pro se* action for failure to comply with the federal rules regarding service of process); L.R. 1−3 ("Persons appearing pro se are bound by these rules, and any reference in these rules to 'attorney' or 'counsel' applied to parties pro se."). Dismissal is appropriate where a *pro se* party repeatedly fails to comply with the Court's orders. *See, e.g.*, *Robertson v. C.I.R.*, 473 Fed. App'x 711, 712 (9th Cir. 2012) (explaining that the court "did not abuse its discretion in dismissing [a *pro se* litigant's action] in light of his failure to respond to its order to show cause or to comply with prior court orders, especially where it…had warned [the *pro se* litigant] about the possibility of another dismissal if he failed to respond or comply with the applicable rules").

## III.    DISCUSSION

Here, Plaintiff never responded to the continued Order to Show Cause Regarding Subject Matter Jurisdiction, even though the Court *sua sponte* extended the deadline to respond. (Order, Docket No. 19). Rather than dismiss the action now, however, *see Robertston*, 473 Fed. App'x at 712 (affirming dismissal of an action due to failure to comply with court orders), the Court continues the Order to Show Cause Regarding Subject Matter Jurisdiction to March 1, 2024, at 1:30 p.m.. The Order to Show Cause will be discharged, and no appearance will be necessary, if the Plaintiff responds to the Order to Show Cause in writing by February 15, 2024, with evidence or specific allegations that the amount-in-controversy requirement is met.

The Court also observes that Plaintiff has still failed to properly serve Defendant Harris within the time prescribed by Federal Rule of Civil Procedure 4(m). The Court sets another Order to Show Cause for Lack of Prosecution for the same date—March 1, 2024, at 1:30 p.m. This Order to Show Cause will be discharged, and no appearance will be necessary, if the Plaintiff files a compliant proof of service by

3

February 15, 2024.  The Court strongly encourages Plaintiff to consult with one of the Court's *pro se* clinics[3] to ensure compliance with this Order.  The Court expressly warns Plaintiff that failure to comply with this Order may result in dismissal of his suit.

**IT IS SO ORDERED.**

Dated:  December 21, 2023

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

---

[3] Information about the Court's *pro se* clinic is available at this website: https://prose.cacd.uscourts.gov/federal-pro-se-clinics.

4